IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LARRY DUFFIE, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Civil Action No. 7:13-cv-0032-O** |
| | § | |
| **WICHITA COUNTY, et al.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Allison Smith, R.N.'s Motion for Partial Summary Judgment and Brief in Support (ECF No. 89–90), filed September 8, 2014; Defendant Correctional Healthcare Management, Inc.'s Motion on the Pleadings and Motion for Summary Judgment and Brief and Appendix in Support (ECF No. 91–93), filed September 8, 2014; Plaintiffs' Responses and Appendices in Support (ECF No. 96–97), filed October 14, 2014; Defendant Smith's Reply (ECF No. 98), filed October 28, 2014; and Plaintiffs' Unopposed Motion for Leave to File Amended Response and Amended Appendix to Defendant Smith's Motion for Partial Summary Judgment (ECF No. 99), filed November 5, 2014.

Having considered the motions, briefing, record, and applicable law, the Court **DENIES** Plaintiffs' Motion for Leave to Amend their Response; **DENIES in part** and **GRANTS in part** Defendants' Motions for Summary Judgment; **DENIES** Defendant Smith's Motion to Strike; and **DENIES** Defendant CHM's Motion for Judgment on the Pleadings.

## I.    BACKGROUND

1

Plaintiffs Larry Duffie ("Duffie"), Alice Stoddard ("Stoddard"), Sheryl Ware ("Ware"), and Tessa Martinez ("Martinez") (collectively "Plaintiffs") are four Licensed Vocational Nurses ("LVN"s) who filed this lawsuit on March 28, 2013 against their former employer, Defendant Correctional Healthcare Management, Inc. ("CHM"), a contractor for inmate medical care for Wichita County Jail, and against Defendant Allison Smith, R.N. ("Smith"), individually and in her official capacity as Wichita County Jail's Health Services Administrator. Initially, Plaintiffs also brought suit against Wichita County and several employees of the Wichita County Sheriff's Office. However, the claims against the county and the Sheriff's Office employees have been dismissed. *See* Mem. Op. & Order, Dec. 31, 2013, ECF No. 78.

In Plaintiffs' live pleading, Plaintiffs allege that Smith performed an unauthorized surgical procedure on an inmate and that all four Plaintiffs were disciplined and ultimately terminated from their employment with CHM in retaliation for reporting Smith's unethical acts to the Texas Board of Nursing ("BON"). Pls.' Corrected 2nd Am. Compl., ECF No. 51. Plaintiffs claim that Defendants Smith and CHM violated Plaintiffs' constitutional rights under 42 U.S.C. § 1983 and that they violated the anti-retaliation provisions of the Nurse Practice Act, Tex. Occ. Code § 301. *Id.* at 29–31, 34–36. Plaintiffs Martinez and Ware also bring suit against Defendants CHM and Smith for malicious prosecution and abuse of process. *Id.* at 37–41. They allege that they were wrongly accused of tampering with government records as a result of Smith's false report to the Sheriff's Department that Martinez and Ware had removed documents from the inmate's medical files. *Id.*

Defendants bring Motions for Summary Judgment, a Motion to Strike, and a Motion for Judgment on the Pleadings. Plaintiffs bring a Motion to Amend their Response to Smith's Motion for Summary Judgment. The issues having been briefed, the motions are ripe for determination.

2

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(c)

Motions for Judgement on the Pleadings under Rule 12(c) are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed.) ("[A] motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.").

A motion under Rule 12(c) is evaluated under the same legal standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). In both motions, the Court would "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* (internal citations omitted).

### B.    Federal Rule of Civil Procedure 12(f)

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.).

### C.    Federal Rule of Civil Procedure 56

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## III.   DEFENDANT SMITH'S MOTION TO STRIKE AND PLAINTIFFS' MOTION TO AMEND SUMMARY JUDGMENT RESPONSE

In her Reply Brief, Defendant Smith moved to strike portions of Plaintiffs' complaint that she alleges have no evidentiary support because Plaintiffs' Response Brief occasionally cited the pleadings rather than the appendix. Def. Smith's Reply Br. 1–4, ECF No. 90. After Smith's Reply was filed, Plaintiffs submitted an unopposed motion to amend their Response Brief in order to provide additional factual support for their claims. See Pls.' Mot. Leave, ECF No. 99.

The Court acknowledges that a party's own pleadings are not competent summary judgment proof and therefore will not consider Plaintiffs' citations to their own pleadings as evidence. *See Celotex*, 477 U.S. at 324. However, the Court finds that striking the pleadings would be inappropriate under Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. P. 12(f); *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). Therefore, the Court **DENIES** Smith's motion to strike the pleadings. The Court also **DENIES** Plaintiffs' motion for leave to file an untimely amended response.

## IV.     DEFENDANT SMITH'S MOTIONS

Defendant Smith has moved for summary judgment on three of the four remaining claims asserted against her, arguing that she is entitled to judgment as a matter of law because Plaintiffs have failed to present evidence in support of essential elements of the malicious prosecution, abuse of process, and § 1983 claims. Def. Smith's Mot. Summ. J. 1, ECF No. 89. Plaintiffs respond that they have presented evidence raising genuine issues of material fact, and thus their claims should survive the motion for summary judgment. Pls.' Resp. Smith's Mot. Summ. J. 20, ECF No. 96. For the reasons that follow, the Court finds that Smith's Summary Judgment Motion should be and is hereby **GRANTED in part** and **DENIED in part**. In assessing Smith's motion, the Court considers the each cause of action in turn, beginning with the malicious prosecution claim.

### A.     Plaintiffs Martinez and Ware's Malicious Prosecution Claim

Smith contends that Plaintiffs Martinez and Ware have produced no competent evidence regarding two essential elements of their malicious prosecution claim. Def. Smith's Mot. Summ. J. 2, ECF No. 89. Smith alleges that "Plaintiffs have no evidence that Smith was the cause-in-fact of the criminal prosecution" of either Ware or Martinez and that "Plaintiffs have no evidence that Smith

5

acted with malice." *Id.* In opposition, Martinez and Ware argue that summary judgement should be denied because Plaintiffs have made a sufficient showing of causation and malice, and, therefore, Smith has not met her burden of proving that there are no genuine issues of material fact. Pls.' Resp. Smith's Mot. Summ. J. 17–18, ECF No. 96. The Court finds that there are genuine issues of material fact foreclosing the issuance of summary judgment on this claim.

To successfully assert a claim for malicious prosecution, a plaintiff must show that: (1) a criminal prosecution was commenced against her; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in her favor; (4) she was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) she suffered damages. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). A defendant "procures" a criminal prosecution if her actions were enough to cause the prosecution and if the prosecution would not have occurred but for her actions. *See Browning-Farris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). Generally, "a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official or the grand jury." *Id.* However, "[a]n exception . . . occurs when a person provides information which he knows is false to another to cause a criminal prosecution." *Id.* (citation omitted).

The Court finds that there are genuine issues of material fact as to whether Smith knowingly provided false information to the police, thereby procuring the investigation of Ware and Martinez. Plaintiffs have produced evidence supporting their contention that Smith knew there were no documents authorizing a surgical procedure in the inmate's file, yet nevertheless reported to the sheriff that documents were missing. Pls.' App. Supp. Mot. Summ. J. 8–9, 14–15, 20–23, 41–42, 65,

ECF No. 96. For instance, they produced evidence that Smith conducted an unauthorized surgical procedure on an inmate, *id.* at 8–9, 14–15, 20; that Plaintiff Duffy saw no documentation of the procedure in the inmate's medical records, *id.* at 41–42; that after Smith discovered that she was being investigated, Smith reported that documents were missing to the jail administrator, *id.* at 22–23; and that Martinez and Ware were subsequently prosecuted, *id.* at 56–57, 65. In response, Smith contests whether the Plaintiffs' evidence is sufficient to show cause-in-fact or malice. Def. Smith's Br. Supp. Mot. Summ. J. 4–5, ECF No. 90.

It is not for the court to make credibility determinations in the face of conflicting evidence in the record. *Anderson*, 477 U.S. at 255. A jury could find cause-in-fact and malice on these facts if it determines that Smith's conduct was the "determining factor" in Martinez's and Ware's criminal prosecutions, and the information she furnished to the Officer Defendants was known by her to be false. *See Browning-Ferris Indus.*, 881 S.W.2d at 294. Therefore, the genuine issues of material fact should be placed properly before the jury.

Accordingly, the Court **DENIES** Smith's Motion for Summary Judgment on Martinez and Ware's malicious prosecution claim.

### B.     Plaintiffs Martinez and Ware's Abuse of Process Claim

Smith next argues that Martinez's and Ware's abuse of process claim should be dismissed because "Plaintiffs have no evidence that Smith improperly used the process" and "Plaintiffs have no evidence that Smith[] had an ulterior motive or purpose." Def. Smith's Mot. Summ. J. 2, ECF No. 89. The Court agrees that Plaintiffs have not produced evidence sufficient to support a claim that Smith improperly used process.

A claim for abuse of process requires: (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no. pet.). "The 'critical aspect' of an abuse of process claim is the improper use of process *after it has been issued*." *Martinez v. English*, 267 S.W.3d 521, 528 (Tex. App.—Austin 2008, pet. denied) (original emphasis) (quoting *Preston Gate*, 248 S.W.3d at 897); *see also Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex. Civ. App.—Houston 1965, no writ) ("Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.").

The Court has previously determined that the mere issuance of an arrest warrant cannot be the basis for the abuse of process claim. Mem. Op. & Order 33, Dec. 31, 2013, ECF No. 78; *see also Preston Gate*, 248 S.W.3d 892, 897. An abuse of process claim must allege improper use *after* the warrants had been issued. *Id.* Accordingly, the Court found that Plaintiffs could only succeed on an abuse of process claim if they could establish that Smith "made her own report to the BON informing the Board about the arrests, knowing the charges against Martinez and Ware were false, meritless, and without probable cause, in an effort to thwart the BON's investigation of Smith's misconduct, initiated by Ware and Martinez's confidential report, and to intimidate and punish Ware and Martinez for participating in legal conduct and exercising their rights to free speech." Mem. Op. & Order 33–34, Dec. 31, 2013, ECF No. 78.

8

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Here, Smith correctly argues that Plaintiffs have presented no evidence that Smith contacted the Texas BON to inform them of Ware and Martinez's arrests. *See* Def. Smith's Reply 8, ECF No. 98; *see generally* Pls.' Resp. Smith's Mot. Summ. J., ECF No. 96. In their Response Brief, Plaintiffs have failed to "identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

In both the argument and the fact section of Plaintiffs' response brief, Plaintiffs never cite to record evidence that Smith made her own report to the BON to inform them of Ware and Martinez's arrests. *See generally* Pls.' Resp. Smith's Mot. Summ. J., ECF No. 96. They cite only to evidence showing that Smith contacted a Sheriff's Department Administrator, which allegedly led to the criminal charges of Ware and Martinez; not to evidence that Smith contacted the BON to inform them of the charges. *Id.* at 8–9; Pls.' App. Supp. Mot. Summ. J. 22, ECF No. 96. Instead, Plaintiffs merely assert that "Defendant Smith contacted the Texas Board of Nursing and informed the Board of Plaintiffs' arrests, although she was well aware that the arrests were unwarranted and the charges baseless." *Id.* at 19; *see also Forsyth*, 19 F.3d at 1533 ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). Absent evidence that a report was made, Plaintiffs cannot succeed on an abuse of process claim.

Accordingly, the Court **GRANTS** Defendant Smith's Motion for Summary Judgment on Martinez and Ware's abuse of process claim.

### C.      Plaintiffs' § 1983 Claims

Smith next contends that Plaintiffs' § 1983 claims should be dismissed because "Plaintiffs have no evidence that Smith deprived Plaintiffs of a right secured by the [C]onstitution" and "Plaintiffs have no evidence that Smith acted under color of state law." Def. Smith's Mot. Summ. J. 1, ECF No. 89. Plaintiffs respond that they have presented adequate evidence to create a genuine issue of material fact. Pls.' Resp. Smith's Mot. Summ. J. 12–17, ECF No. 96. The Court finds that Plaintiffs have made a sufficient showing to survive summary disposition of the issue.

Pursuant to this Court's prior Memorandum Opinion and Order, Plaintiffs' § 1983 claim alleging that Smith violated Plaintiffs' Fourteenth Amendment rights has been dismissed, leaving only the § 1983 claim that Smith violated Plaintiffs' First Amendment rights by retaliating against Plaintiffs for speaking about a matter of public concern. *See* Mem. Op. & Order, Dec. 31, 2013, ECF No. 78. Thus, the Court limits its analysis to the § 1983 First Amendment retaliation claim.

To succeed on a § 1983 for First Amendment retaliation claim, a public employee must establish that: (1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in efficiency; and (4) her speech motivated the employer's adverse action. *Modica v. Taylor*, 465 F.3d 174, 179–80 (5th Cir. 2006) (applying the balancing test set forth in *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 574 (1968) and *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)).

10

Smith argues that Plaintiffs are ineligible for protection under the doctrine of First Amendment retaliation because Plaintiffs are not "public employees." Def. Smith's Reply 4–5, ECF No. 98. She argues, in the alternative, that even if they were public employees, there is no evidence that Smith caused them to suffer an adverse employment action. *Id.* at 6. In the Court's prior Order, the Court found that Plaintiffs adequately pleaded that Smith and CHM acted under the color of state law when they retaliated against Plaintiffs and that Plaintiffs' report was a matter of public concern. However, because the parties did not address the question, the Court did not determine whether Plaintiffs could be considered "public employees" for the purposes of the First Amendment retaliation analysis. *See Garcetti*, 547 U.S. at 417 ("[T]he First Amendment protects a *public employee's* right, in certain circumstances, to speak as a citizen addressing matters of public concern.") (emphasis added). Thus, the Court now turns to Smith's argument that there is no evidence that Plaintiffs were public employees.

In *Board of County Commissioners v. Umbehr*, "the Supreme Court held that the 'governmental employee' version of the unconstitutional conditions doctrine—that is, the *Pickering* balancing inquiry—is also appropriate where an independent contractor alleges a First Amendment violation against the government." *Kinney v. Weaver*, 367 F.3d 337, 359 (5th Cir. 2004) (citing *Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 684 (1996) and *Pickering*, 391 U.S. at 574). Because "[i]ndependent government contractors are similar in most relevant respects to government employees," government contractors may be able to assert First Amendment retaliation claims. *Kinney*, 367 F.3d at 359 (quoting *Umbehr*, 518 U.S. at 684).

The Fifth Circuit noted that "the determination whether the relationship between the government and an individual falls on the 'governmental employee' end of the *Umbehr* spectrum

11

turns on whether the relationship is sufficiently 'analogous to an employment relationship.'" *Kinney*, 367 F.3d at 359. In *Kinney*, the Fifth Circuit found that the *Pickering* balancing analysis was appropriate when the relationship between the contractor and the contractor's employee "implicates governmental interests similar to those involved in the public employment context." *Id.* at 360. Here, CHM, where Smith was employed as the Health Services Administrator, contracted with Wichita County to oversee inmate health care at the Wichita County Jail. Because the interests of the nurses in providing healthcare for inmates are similar to the interests of nurses in government-run hospitals, Plaintiffs are eligible for protection as employees of a government contractor under the First Amendment retaliation doctrine, and the fact-intensive *Pickering* balancing test is appropriate to evaluate whether they succeed on their particular claims.

The contractual relationship between CHM and Wichita County is also sufficient to create a genuine issue as to whether Smith was acting under the color of state law in retaliating against Plaintiffs. *See generally West v. Akins*, 487 U.S. 42, 54–57 (1988) (private physician under contract with State of North Carolina to provide medical services to prison inmates, but not employed directly by state, nonetheless acts under color of state law when treating inmate); *see also Loosier v. Unknown Medical Doctor*, 435 F. App'x 302, 307–08 (5th Cir. 2010) (recognizing that private medical provider acting pursuant to contract with state to provide medical care to prisoners may be state actor, and remanding to allow injured inmate discovery on contractual relationship between state and private hospital).

Lastly, Smith challenges whether Plaintiffs' evidence sufficiently shows causation. "This Circuit has held that summary disposition of the causation issue in First Amendment retaliation claims is generally inappropriate." *Haverda v. Hays Cnty.*, 723 F.3d 586, 595 (5th Cir. 2013).

Evidence of "the close proximity of time between [a party's] protected speech and his termination" may be sufficient to create a genuine issue as to causation. *Charles v. Grief*, 522 F.3d 508, 516 (5th Cir. 2008). The Court finds that the evidence submitted is sufficient to create a genuine issue of material fact as to whether Smith caused Plaintiffs to suffer adverse employment actions. *See* Pls.' App. Supp. Mot. Summ. J. 5–6, 23–23.2, 27–28, 48–50, ECF No. 96; Def. CHM's App. Supp. Mot. Summ. J. 7, 11, 17, ECF No. 93.

In sum, the Court **DENIES** Smith's Motion for Summary Judgment on Plaintiffs' § 1983 claim for First Amendment violations.

## V.   DEFENDANT CHM'S MOTIONS

Defendant Correctional Healthcare Management challenges each of the four claims remaining against it. CHM first argues that it is entitled to judgment on the pleadings on Plaintiffs' § 1983 claim under Federal Rule of Civil Procedure 12(c). CHM next argues that it is entitled to summary judgement on Plaintiffs' claims of malicious prosecution, abuse of process, retaliatory discharge under Texas Occupations Code § 301.402, and constitutional violations under § 1983. CHM has not timely filed a reply brief. The Court will address each claim in turn, beginning with malicious prosecution.

### A.     Plaintiffs Martinez and Ware's Malicious Prosecution Claim

CHM contends that Plaintiffs have not established evidence necessary to support Plaintiffs' claim that CHM or its agent maliciously procured the prosecution of Plaintiffs Martinez and Ware. As stated in this Court's prior Memorandum Opinion and Order, CHM may be held accountable for Smith's actions under the theories of vicarious liability or ratification. *See Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 213–14 (5th Cir. 1990) (applying Texas law); *Foundation Reserve Ins. Co. v.*

13

*Wesson*, 447 S.W.2d 436, 439 (Tex. Civ. App.—Dallas 1969, writ ref'd); *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 653 (5th Cir. 1994). Here, there are genuine issues of material fact as to whether Smith maliciously procured a prosecution, whether Smith was acting within the scope of her employment when she reported the nurses, and whether CHM confirmed, adopted, or failed to repudiate Smith's actions. *See supra* Part IV(A). Because CHM has not met its burden of disproving the existence of a genuine issue of material fact, CHM's motion for summary judgment on Martinez and Ware's malicious prosecution claim is hereby **DENIED**.

### B.     Plaintiffs Martinez and Ware's Abuse of Process Claim

Because there is no evidence to demonstrate Smith abused process, Plaintiffs cannot establish vicarious liability on the part of CHM to proceed on their abuse of process claim. *See supra* Part IV(B). Accordingly, CHM's motion for summary judgment on Martinez and Ware's abuse of process claim is hereby **GRANTED**.

### C.     Plaintiffs' Texas Occupations Code Claim

CHM argues that Plaintiffs have failed to produce evidence regarding each element of their Texas Occupations Code claim. *See* Tex. Occ. Code § 301.402 (prohibiting retaliation against a nurse who reports to the BON). First, CHM argues that because there is no evidence that three of the four nurses made a report, the claims of Stoddard, Ware, and Duffie should be dismissed. Next, CHM argues that there is no evidence of an adverse employment action caused by the reporting. Finally, CHM argues that there is no evidence of malicious intent.

Under Texas Occupations Code § 301.402(f)(1), "[a] person may not suspend or terminate the employment of, or otherwise discipline, discriminate against, or retaliate against, a person who . . . reports in good faith under this section." There is a genuine issue of material fact as to who filed

a report. *See* Pls.' App. Supp. Mot. Summ. J. 41, 54, ECF No. 96 (Duffie's testimony that he filed

the BON report). There is also evidence in the record that nurses Martinez and Ware have submitted

statements to the BON and that Stoddard was contacted by the BON for a statement. *See* CHM's

App. Supp. Mot. Summ. J. 4–11, ECF No. 93; Pls.' App. Supp. Mot. Summ. J. 41, 54, ECF No. 96.

CHM essentially argues that only the Plaintiff who filed the initial report would be protected by the

Code. However, the text of § 301.402(d) states that reports must include "any additional information

required by the board," indicating that reports could be made in response to a BON inquiry. Thus,

the statements the nurses gave to the BON satisfy the reporting requirement, making them eligible

for protection against retaliation.

Furthermore, Plaintiffs argue that Smith and CHM retaliated against them all because Smith

*believed* that they were responsible for the report. Pls.' Resp. CHM's Mot. Summ. J. 29, ECF No.

97; *see also* Pls.' App. Supp. Mot. Summ. J. 23, ECF No. 97. The Texas Supreme Court has held

that, to succeed under the Texas Occupations Code, there must be "a causal relationship between the

retaliatory action and the reporting." *Clark v. Texas Home Health, Inc.*, 971 S.W.2d 435, 437–38

(Tex. 1998). The court held that when an employer demoted employees because he believed that the

employees intended to file a report, that was sufficient to satisfy the causation requirement, affording

the employees protection under the statute. *Id.* Here, there is also a genuine issue of material fact as

to whether the nurses were disciplined or discriminated against because Smith believed that they

were responsible for filing a report against her. *See* Pls.' App. Supp. Mot. Summ. J. 22–23.2, ECF

No. 97. Plaintiffs have also submitted evidence of adverse employment actions and malicious intent

sufficient to create a genuine issue of material fact about whether the employees were disciplined

or discriminated against because they were believed to have filed a report. *See id.* at 22–23.2, 26–28,

57, 65–66; Def. CHM's App. Supp. Mot. Summ. J. 6–7, 11, 17, ECF No. 93. These are fact intensive questions that must be submitted to a jury.

Accordingly, the Court **DENIES** CHM's Motion for Summary Judgement on the Texas Occupations Code § 301.402 claim.

### D.      Plaintiffs' § 1983 Claims

Plaintiffs have alleged that CHM violated their First Amendment and Fourteenth Amendment rights, entitling them to relief under § 1983. Regarding the § 1983 claims, Defendant CHM moved for judgment on the pleadings under Rule 12(c), and in the alternative, CHM moved for summary judgment. The Court first turns to the motion for judgment on the pleadings.

### 1.      Motion for Judgment on the Pleadings

The Court finds that a 12(c) motion for judgment on the pleadings would be improper here. Motions under 12(c) are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.*, 914 F.2d at 76; *see also* Wright & Miller, *supra*, § 1367 ("[A] motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."). Here, not only are there remaining genuine issues of material fact, but discovery also has been completed. The 12(c) motion is not a vehicle for a party to assert arguments that it failed to timely assert in its earlier 12(b)(6) motion. *See* Wright & Miller, *supra*, § 1367 ("Rule 12(c) cannot be used to assert Rule 12(b) defenses that have not been raised previously in the pleadings or by preliminary motion or are not expressly preserved by Rule 12(h). They quite

16

appropriately will be deemed to have been waived by nonassertion in timely fashion."). Accordingly, CHM's Motion for Judgment on the Pleadings is **DENIED.**

### 2.     Motion for Summary Judgment

In CHM's Motion for Summary Judgment on the § 1983 claim, CHM argues that Plaintiffs have failed to provide evidence that CHM had a policy or custom that would subject it to § 1983 liability, that there was a policymaker responsible for enforcing the policy or custom, and that there was a causal link between corporate action and the deprivation of the federal right.

Although CHM is a private corporation, it may be sued under 43 U.S.C. § 1983 for constitutional injuries in the same way as a municipality because the medical treatment of inmates is a fundamental government function. *See Olivas v. Corr. Corp. of Am.*, 408 F. Supp. 2d 251, 254 (N.D. Tex. 2006), *aff'd*, 215 F. App'x 332 (5th Cir. 2007); *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Section 1983 does not allow a municipality, or a corporation performing a municipal function, to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C. § 1983; *see Olivas*, 408 F. Supp. 2d at 255; *Eldridge v. CCA Dawson State Jail*, No. 3:04-CV-1312-M, 2004 WL 1873035, at *2 (N.D. Tex. Aug. 19, 2004) (noting that the five circuits that have addressed the issue have extended *Monell* to private corporations), *adopted*, No. 3:04-CV-1312-M, 2004 WL 2075423 (N.D. Tex. Sept. 16, 2004) (Lynn, J.). Instead, it will only be held liable if it three elements are found:

> The first is the presence of a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury. Second, the corporation must have an official custom or policy which could subject it to § 1983 liability. And third, a claimant must demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights. Culpability may be shown either through an unconstitutional official policy or through a facially

17

innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. To establish the causation element, a plaintiff must show that the policy is the moving force behind the violation.

*Olivas*, 408 F. Supp. 2d at 255 (citations omitted). Thus, CHM may be liable under § 1983 only if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *See Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690–91 (1978).

A plaintiff must identify the policy, connect the policy to the entity itself, and show that his injury was incurred because of the application of that specific provision. *See Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir. 1984). When the wrongdoer is a policymaking official, a single act will suffice, if deliberate indifference and causation are established. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "When the challenged conduct relates to a custom or behavior among non-policymaking employees, which may be contrary to official policy, a plaintiff cannot rely on a single instance of unconstitutional conduct, but must demonstrate at least a pattern of similar incidents in which citizens were injured . . . to establish the official policy requisite to municipal liability under section 1983." *Duvall v. Dallas County*, 2008 WL 4561563, at *8 (N.D. Tex. Oct. 10, 2008) (Lindsay, J.) (internal quotations and citation omitted); *see also Bennett,* 728 F.2d at 768 n.3 ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability."). For a facially constitutional policy, the plaintiff must demonstrate that the policy was promulgated with deliberate indifference to known or obvious unconstitutional consequences. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001); *accord Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849–50 (5th Cir. 2009) (discussing failure to train or supervise officers).

Plaintiffs respond that there is evidence in the record that "Smith lacked the actual authority to terminate any of the Plaintiffs and the terminations decisions were either made or approved by CHM corporate policymakers in Colorado, Beth Cullum and David Jordan." Pls.' Resp. Smith's Mot. Summ. J. 16, ECF No. 96; Pls.'s App. 10–11. Plaintiffs allege that "[b]ased on the information provided to them by Smith, these policy makers decided to terminate the Plaintiffs' employment for speaking out on a matter of public concern," thereby violating their rights. Pls.' Resp. Smith's Mot. Summ. J. 16–17, ECF No. 96.

The Court finds that Plaintiffs have failed to set forth evidence of a CHM policy or custom that resulted in the deprivation of Plaintiffs' constitutional rights under the First or Fourteenth Amendments. Plaintiffs have only put forth evidence of one incident involving Smith in which a person's constitutional rights were allegedly violated. *Id.*; *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[I]solated unconstitutional actions by municipal employees will almost never trigger liability."). They do not put forth any evidence of CHM's policies or customs or evidence that Plaintiffs' terminations were caused by a CHM policy or custom. *See generally* Pls.' Resp. CHM's Mot. Summ. J., ECF No. 97. No reasonable jury could infer a policy or a persistent, widespread custom from this one incident; nor could the jury infer that Beth Callum or David Jordan acted with deliberate indifference to an obvious unconstitutional consequence. *See Bennett,* 728 F.2d at 768 n.3; *Olivas*, 408 F. Supp. 2d at 255. In the Court's prior Memorandum Opinion and Order, the Court found that merely acting upon allegedly false information related by Smith was not sufficient to allege that the Sheriff's Office had a policy or practice of constitutional violations. Mem. Op. & Order 13–15, Dec. 31, 2013, ECF No. 78. Similarly, here, evidence that CHM acted

19

upon allegedly false information given by Smith is not sufficient to support municipal or corporate liability under § 1983 as a matter of law.

Accordingly, the Court **GRANTS** Defendant CHM's Motion for Summary Judgment on Plaintiffs' First Amendment and Fourteenth Amendment § 1983 claims.

## VI.    CONCLUSION

Based on the foregoing, the Court **DENIES** Smith's motion for summary judgment on Plaintiffs Martinez and Ware's malicious prosecution claim; **GRANTS** Smith's motion for summary judgment on Plaintiffs Martinez and Ware's abuse of process claim; **DENIES** Smith's motion for summary judgment on Plaintiffs' First Amendment § 1983 claim; **DENIES** CHM's motion for summary judgment on Plaintiffs Martinez and Ware's malicious prosecution claim; **GRANTS** CHM's motion for summary judgment on Plaintiffs Martinez and Ware's abuse of process claim; **DENIES** CHM's motion for summary judgment on Plaintiffs' Texas Occupations Code claim; and **GRANTS** CHM's motion for summary judgment on Plaintiffs' First Amendment and Fourteenth Amendment § 1983 claims.

Accordingly, it is **ORDERED** that Plaintiffs Martinez and Ware's abuse of process claims against CHM and Smith are **DISMISSED with prejudice**. It is further **ORDERED** that Plaintiffs' First Amendment and Fourteenth Amendment § 1983 claims against CHM are **DISMISSED with prejudice**.

Remaining in this case are: (1) Plaintiffs Martinez and Ware's malicious prosecution claims against Defendants CHM and Smith; (2) Plaintiffs' Texas Occupations Code § 301.402 claims against Defendants CHM and Smith; and (3) Plaintiffs' § 1983 First Amendment retaliation claims against Defendant Smith.

20

The trial for this matter remains set on the Court's four-week docket beginning on **January 5, 2015**. *See* Amended Scheduling Order, Jan. 31, 2014, ECF No. 81.

**SO ORDERED** this **6th day** of **November, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**